# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT J. SETLOCK,** | ) | **CASE NO. 1:05CV2352** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Respondent. | ) | **ORDER** |

This matter is before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. #1). Also before the Court is the Government's Response in Opposition to Petitioner's Motion (Dkt. #5) and Petitioner's reply (Dkt. #6). For the reasons set forth below, Petitioner's motion is **DENIED**.

## I. FACTUAL BACKGROUND

A federal grand jury indicted Petitioner, Robert J. Setlock, on March 3, 2004, for violations of Title 26 U.S.C. § 5861. Specifically, Count One of the Indictment charged:

> Beginning in June 2001, and continuing to no later than early September 2001, the exact dates unknown, in the Northern District of Ohio, Eastern Division, ROBERT J. SETLOCK did knowingly and unlawfully make firearms as defined in Title 26, Section 5845(a)(8), United States Code, that is, destructive devices within the meaning of Title 26, Section 5845(f), United States Code, and more particularly described as five (5) explosive devices know as "pipe bombs", said devices consisting of segments of metal pipe, endcaps, fuse and quantities of Pyrodex explosive powder, without having received an approved application to manufacture said devices as required by Title 26, Section 5822, United States Code; all in violation of Title 26, Sections 5861(f) and 5871, United States Code.

Count Two of the Indictment charged:

> Beginning in June 2001, and continuing to no later than early September 2001, the exact dates unknown, in the Northern District of Ohio, Eastern Division, ROBERT J. SETLOCK did knowingly and unlawfully transfer firearms as defined in Title 26, Section 5845(a)(8), United States Code, that is, destructive devices within the meaning of Title 26, Section 5845(f), United States Code, and more particularly described as five (5) explosive devices known as "pipe bombs", said devices consisting of segments of metal pipe, endcaps, fuse and quantities of Pyrodex explosive powder, without having received an approved application to transfer said devices as required by Title 26, Section 5812, United States Code; all in violation of Title 26, Sections 5861(e) and 5871, United States Code.

(Case No. 1:04cr116, Dkt.#1). On June 7, 2004, Petitioner, while represented by counsel, entered into a plea agreement with the Government whereby he agreed to enter a plea of guilty to both charges. The Court accepted the plea and on October 1, 2004, sentenced the Petitioner to, *inter alia*, 30 months imprisonment and two years of supervised release. Petitioner did not file a direct appeal of this sentence or his conviction.

On October 5, 2005, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In said motion, Petitioner contends that changed family circumstances warrant the Court's revisiting Petitioner's sentence and granting a downward departure pursuant to the United States Sentencing Guidelines § 5H1.6.

**II.     STANDARD OF REVIEW**

Section 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III. ANALYSIS

Petitioner argues that changed circumstances in his family situation require this Court to "modify" the terms of his imprisonment. Petitioner has served twenty months of his thirty month sentence. He requests that the remaining ten months be modified to one of the following: (1) a four month reduction in sentence with six months spent in home confinement; (2) a six month reduction with four months spent in home confinement; or (3) five months at a halfway house and five months in home confinement.

"[A] district court does not have inherent power to resentence defendant at any time. Its authority to do so must flow either from the court of appeals mandate . . . or from [Fed. R. Crim. P.] 35." United States v. Martin, 913 F.2d 1172, 1175 (6th Cir. 1990) (citation

omitted). In addition, 18 U.S.C. § 3582(c) sets forth the instances when a district court may modify an imposed term of imprisonment.

Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" (1) upon motion of the Director of the Bureau of Prisons, (2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (3) in the case of a defendant whose term of imprisonment was based on a sentencing range that has been subsequently lowered pursuant to 28 U.S.C. 994(o). Federal Rule of Criminal Procedure 35 advises that sentences can only be corrected or reduced (1)for corrections of arithmetical, technical, or clear errors within seven days after imposition of the sentence; or (2) for substantial assistance, upon the government's motion.

A review of the record reveals that none of the above enumerated instances occurred in the instant matter. Furthermore, Petitioner does not argue that the sentence imposed by this Court is unconstitutional or otherwise subject to collateral attack. As such, Petitioner's request that the Court alter the terms of his imprisonment based on family hardship is not cognizable under a § 2255 motion. According, Petitioner's motion must be denied.

## IV.   EVIDENTIARY HEARING

Finally, section 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." See Green, 445 F.2d at 848; Bryan, 721 F.2d at 577 (6th Cir. 1983).

In the case *sub judice*, Petitioner is not entitled to an evidentiary hearing because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." Green, 445 F.2d at 848.

## IV.   CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**. Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);   Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - February 23, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**